IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYMON MICKIANGELO BERRY, III, | No. C 09-2027 MMC (PR) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| R. METCALFE, Correctional Sgt., | |
| Defendant. | |

On May 8, 2009, plaintiff, a California prisoner incarcerated at Corcoran State Prison and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B. Plaintiff's Claim

Plaintiff's complaint concerns events alleged to have occurred when he was incarcerated at Salinas Valley State Prison ("SVSP"). In particular, plaintiff alleges the following:

In April 2008, plaintiff filed a letter of complaint with SVSP Warden Michael Evans concerning plaintiff's having witnessed defendant Correctional Sgt. Metcalfe ("Metcalfe") and other correctional officers entering the cells of inmates on the "sensitive needs yard" when the inmates were still inside the cell. Plaintiff expressed concern that such actions, which appeared to be for no legitimate reason, were a breach of institutional security and put both inmates and correctional staff in danger. (Compl. ¶ 1.)

Subsequently, following plaintiff's meeting with Lt. J. Stevenson about his complaint, at which meeting defendant Metcalfe also was present, plaintiff was approached by inmate White, who told plaintiff that Metcalfe had told White about plaintiff's letter to Warden Evans. (Id. ¶¶ 2-3.) Plaintiff then wrote a letter to Scott Kernan, Chief Deputy Secretary of the California Department of Corrections, objecting to Metcalfe's actions and expressing concern that plaintiff would be retaliated against by staff for his having written to Warden Evans. (Id. ¶ 4.)

Thereafter, White again approached plaintiff and told him that Metcalfe had again spoken to White, either telling White that plaintiff had snitched on White or that plaintiff was a snitch. (Id. ¶ 5.) Plaintiff filed an administrative appeal against Metcalfe; approximately two weeks later, on or about May 23, 2008, plaintiff was placed in administrative segregation based on allegations that inmates on the sensitive needs yard had told staff that plaintiff was "fomenting violence" on the sensitive needs yard. After an investigation, it was determined there was no evidence to substantiate the inmates' allegations. Nevertheless, plaintiff was

2

informed that because he now had enemy concerns on the sensitive needs yard he would be transferred to another prison. (Id. ¶ 6.)

Plaintiff was held in administrative segregation until September 22, 2008, when he was transferred to Corcoran State Prison and placed in a facility that he claims is much more dangerous than the one where he was housed at SVSP, and also is so far from his family that he has been unable to see his wife or son. (Id. ¶ 8.)

Plaintiff asserts his placement in administrative segregation and subsequent transfer to Corcoran State Prison resulted from defendant Metcalfe's having spread rumors to other inmates that plaintiff was a snitch, which Metcalfe did in retaliation for plaintiff's having written the April 2008 letter to Warden Evans about the actions of Metcalfe and other correctional officers. Plaintiff seeks monetary damages.

C.   Applicable Law

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Here, plaintiff's allegations, when liberally construed, state a cognizable claim for relief against defendant Metcalfe. See Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989) (finding plaintiff could prevail on retaliation claim by raising triable issue as to whether correctional officers targeted him for retribution by other inmates by identifying him as a snitch).

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall

serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon defendant <u>Correctional Sgt. R. Metcalfe at Salinas Valley State Prison.  The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.</u>

2.  Within **ninety (90)** days of the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim found to be cognizable above.

    a.  If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v. Terhune</u>, 540 U.S. 810 (2003).

    b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant shall so inform the Court prior to the date the summary judgment motion is due.</u>**

3.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than **thirty (30)** days from the date defendant's motion is filed.

    a.  In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

4

your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

   b. In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

   4. Defendant shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

   5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

   6. All communications by the plaintiff with the Court must be served on defendant, or

defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: October 2, 2009

_____
MAXINE M. CHESNEY
United States District Judge